### Case No. 895.

In re BANK OF NORTH CAROLINA.

[12 N. B. R. 130; 1 N. Y. Wkly. Dig. 127.]

Circuit Court, W. D. North Carolina. 1875.[1]

BANKRUPTCY—STATE BANK — RIGHT TO INTEREST ON BANK BILLS.

[Creditors holding bank bills of a state bank adjudged a bankrupt are entitled to interest

[1] [Reversing Case No. 894.]

thereon from the date of the adjudication in bankruptcy, there being a surplus fund after payment in full of all debts.]

[In bankruptcy. Appeal from an order of the district court for the eastern district of North Carolina. Reversed.

[The Bank of North Carolina filed its petition in bankruptcy October 31, 1868, and November 5, 1868, was adjudged a bankrupt. Debts were proven, amounting to $312,180.-84, on which dividends amounting in all to 100 per cent. were declared, leaving a surplus in the hands of the assignee of about $30,000. The question as to interest on the amount of the bank bills held by certain creditors was certified by the register to the district judge, and, on his deciding (Case No. 894) against the contention of the creditors, was appealed to this court.]

Thomas B. Keogh, for creditors.
A. S. Merrimon, for assignee.

BOND, Circuit Judge, delivered the following opinion, reversing the decision of the district judge:

This is a petition on the part of certain creditors of the Bank of North Carolina, an adjudged bankrupt, to be allowed interest on their claims from the date of the adjudication in bankruptcy, there being a surplus fund after payment of all the debts of the bank in full. The creditors who petition are the bill-holders of the bank. I can see no just reason why this claim should not be allowed; and a complete answer may be found to all objections made at bar to the allowance of interest, in the very able and elaborate opinion of Chief Justice Shaw in the case of Williams v. President & Directors of American Bank, 4 Metc. (Mass.) 317, and in the equally clear opinion of Judge Hubbard in the case of Brown v. Lamb, 6 Metc. (Mass.) 203, which 'exhausts the subject. The case will be sent to the district court with directions to proceed accordingly.

[NOTE. For subsequent opinions in course of same litigation, see In re Bank of North Carolina, Cases Nos. 896 and 897.]