NATIONAL BANK OF THE COMMONWEALTH *v.* MECHANICS' NATIONAL BANK.

1. A depositor in a national bank, when it suspends payment, and a receiver is appointed, is entitled, from the date of his demand, to interest upon his deposit.
2. The interest being a liquidated sum at the time of the payment of the deposit, an action lies to recover it, and interest thereon.
8. The claims of depositors in a national bank at the time of its suspension for the amount of their deposits are, when proved to the satisfaction of the comptroller of the currency, placed upon the same footing as if they were reduced to judgments.

ERROR to the Circuit Court of the United States for the Southern District of New York.

*Mr. Solicitor-General Phillips* for the plaintiff in error.
*Mr. William S. Opdyke, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

This suit was brought by the defendant in error as an original claimant, and as the assignee of other parties.

All the claims have a common origin, and involve the same principle.

On the 22d of November, 1873, the Bank of the Commonwealth refused to pay its circulating notes on demand, and became in default. The comptroller of the currency appointed a receiver, and the bank has since been in his hands. The Mechanics' Bank and its assignors had funds on deposit. On the 24th of September, 1873, all the parties demanded payment. Nothing was paid. Instalments on account of the principal debts were subsequently paid from time to time to each of the parties. On the 20th of November, 1874, the last instalment was paid in each case, and the principal debts were thereby extinguished. At each payment, interest from the 24th of

September, 1873, on the amount so paid, was demanded and refused. The other parties assigned to the defendant in error their claims respectively for such interest. The Mechanics' Bank instituted this suit. The declaration demands the payment of this interest in all the cases, with interest upon the aggregate amount from the 20th of November, 1874. The Bank of the Commonwealth demurred. Judgment was given against it, and this writ of error was thereupon prosecuted.

Two errors are assigned. .

1. That the plaintiff below was not entitled to recover any interest.

2. If interest was recoverable, as demanded, on each instalment when paid, the plaintiff was not entitled to interest on the gross amount of such interest from the 20th of November, 1874, the time when the last instalments of the principal were paid.

There is but one demurrer, and that is to the whole declaration. The point is, therefore, well taken by the counsel for the defendant in error, that if any part of the declaration be good, and divisible in its nature from the residue, the demurrer must be overruled. 1 Chitty's Plead. 664. But the view which we take of the case renders it unnecessary to apply this rule.

By the common law, interest could in no case be recovered. As early as the reign of King Alfred, in the ninth century, it was held in detestation. Churchmen and laymen alike denounced it. Glanville, Fleta, and Bracton all speak of it in terms of abhorrence. The first English statute upon the subject was the 37 Hen. VIII. c. 9.

This statute fixed the lawful rate of interest at ten per cent per annum, and visited receiving more with forfeiture and imprisonment. Other statutes regulating the subject were passed in later reigns from time to time, until finally an act of Parliament in 1854, 17 & 18 Vict. c. 90, swept all the usury laws in the English statute-books out of existence, and established "free trade in money." The first impulse to public opinion in this direction was given by Bentham, near the close of the last century. The final result was doubtless largely due to his labors.

The fiftieth section of the National Banking Act, 13 Stat.

113, requires the comptroller of the currency to apply the moneys paid over to him by the receiver " on all such claims as may have been proved to his satisfaction, or adjudicated in a court of competent jurisdiction." The act is silent as to interest upon the claims before or after proof or judgment. Can it be doubted that a judgment, if taken, would include interest down to the time of its rendition? Sect. 996 of the Rev. Stat. p. 182, declares that all judgments in the courts of the United States shall bear the same rate of interest as judgments in the courts of the States respectively where they are rendered. Interest is allowed by the law of New York upon judgments from the time they are perfected. Rev. Code of N. Y. (ed. 1859), vol. iii. p. 637.

If these claims had been put in judgment, whether in a court of the United States or in a State court of that State, the result as to interest upon the judgment would have been the same. It was unnecessary to reduce them to judgment, because they were proved to the satisfaction of the comptroller. After they were so proved, they were of the same efficacy as judgments, and occupied the same legal ground. Hence, they are within the equity, if not the letter, of these statutes, and bear interest as judgments would have done. Sedgw. on Constr. 311, 315. This is conclusive upon the first assignment of error.

The rule settled by this court as to the application of payment is, that the debtor or party paying the money may, if he chooses to do so, direct its appropriation; if he fail, the right devolves upon the creditor; if he fail, the law will make the application according to its own notions of justice. Neither of the parties can make it after a controversy upon the subject has arisen between them, and *a fortiori* not at the trial. *United States* v. *Kirkpatrick*, 9 Wheat. 720; *United States* v. *January*, 7 Cranch, 572; *Field* v. *Holland*, 6 id. 8. In the present case, the appropriation was made unequivocally by the party from whom the money was received. How it would have been applied by the law if neither of the parties had given any direction is a question which we need not, therefore, consider.

The interest lawfully accruing upon each of the claims was as much a part of it as the original debt. The creditor had the same

right to the payment of the one as of the other. If there had been a judgment, and the full amount due upon it had not been paid, an action of debt might have been brought upon it to recover the balance. 1 Chitty's Plead. 111.

Such balance would have been adjudged to the plaintiff with interest in the shape of damages for the detention of the debt. If, in that case, the judgment debtor had chosen to pay only the principal of the judgment, leaving the interest unsatisfied, and the suit had been for the balance, consisting of interest only, the same result would have followed.

We have shown that the claims, when proved to the satisfaction of the comptroller, were upon the same footing as if they had been in judgment. The amount in arrear was liquidated, and as certain as if it consisted wholly of principal instead of interest. This action was, therefore, well brought. If it had been in debt, damages would have been awarded for the detention of the debt sued for. The action not being in debt, the same amount was properly included in the mass of the damages for which the judgment was rendered.

The compounding of interest, so far as it has occurred, was due entirely to the fault of the agent of the plaintiff in error. The principle of estoppel *in pais* applies. No exception can be taken upon that ground.

The plaintiff in this action was entitled, *ex equo et bono*, to the money sought to be recovered. Where the right to recover exists in this class of cases, it includes interest as well as principal, unless there is something which would render the payment of the former inequitable.

Kent, C. J., said upon this subject: " Each case will depend upon the justice and equity arising out of its peculiar circumstances, to be disclosed at the trial. *Pearce* v. *Barbour*, 3 Caines, 265. See also *Robinson* v. *Bland*, 2 Burr. 1087.

In the latter case, Lord Mansfield said: " The interest is an accessory to the principal; and the plaintiff cannot bring a new action for any interest grown due between the commencement of his action and the judgment in it. . . . I don't know of any court in any country (and I have looked into the matter) which don't carry interest down to the last act by which the sum is liquidated."

The treasury authority fell into an error.   There should have been no discrimination between principal and interest in making the payments.   The creditor had the same right with respect to both as if he had been pursuing the defaulting debtor under other circumstances.   The Comptroller should have done just what the law would have done if the case had not come under his cognizance.

Numerous cases, both English and American, are to be found in which compound interest, under special circumstances, was recovered.   It is sufficient to refer to a few of them.   *Ex parte Beavans*, 9 Ves. Jr. 223 ; *Coliot* v. *Walker*, 2 Anstr. 495 ; *Hamilton* v. *Le Grange*, 2 H. Black. 145 ; *Kellog* v. *Hickock*, 1 Wend. (N. Y.) 521 ; *Tyler* v. *Yates*, 3 Barb. (N. Y.) 222 ; *Aurora City* v. *West*, 7 Wall. 82 ; *Town of Genoa* v. *Woodruff et al.*, 92 U. S. 502.

The demand for the interest was properly made upon the plaintiff in error.                              *Judgment affirmed.*