## In re JOHN OSBORN'S SONS & CO., Inc.

(Circuit Court of Appeals, Second Circuit. March 21, 1910.)

### No. 159.

BANKRUPTCY (§ 324*)—CLAIMS—ALLOWANCE—"JUDGMENT"—PAYMENT OF INTEREST.

Though the rule that a creditor who has not stipulated for interest and accepts payment of the indebtedness in full cannot subsequently recover interest thereon is applicable to the payment of claims by a trustee in bankruptcy, allowed claims proved in bankruptcy proceedings as required by Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) § 57, and General Order 21 (89 Fed. ix, 32 C. C. A. xxii), are entitled to be treated as judgments, and, as such, to interest before and after allowance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 511; Dec. Dig. § 324.*

For other definitions, see Words and Phrases, vol. 4, pp. 3827–3842; vol. 8, pp. 7695, 7696.]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of John Osborn's Sons & Company, Incorporated. On petition of Howard J. M. Cardeza and others as trustees in liquidation to revise an order of the District Court refusing to require the trustee in bankruptcy to pay over to the trustees in liquidation a balance of the funds in his hands. Affirmed.

W. G. Cook, for petitioners.

Maxwell C. Katz, for respondents.

Before LACOMBE, COXE, and WARD, Circuit Judges.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. This is a petition to revise an order of the District Court refusing to require the trustee in bankruptcy to pay over to the trustees in liquidation of a bankrupt corporation a balance of funds in his hands. The petition in the District Court alleged that none of the debts of the bankrupt corporation was based upon any contract providing for the payment of interest, but that they were all ordinary debts arising out of the purchase of goods, that the principal of all the indebtedness had been paid in full, and that the ground of the trustee's refusal to pay over the balance was that he intended to collect enough out of the bankrupt estate to pay interest on the said indebtedness. These allegations are uncontradicted.

There can be no doubt as matter of law that, if a creditor who has not stipulated for interest accepts payment of the indebtedness in full, he cannot subsequently recover interest thereon. The reason is that interest, in the absence of an express agreement to pay it, is a mere incident of the debt, and is to be recovered as damages for its detention. Stewart v. Barnes, 153 U. S. 456, 14 Sup. Ct. 849, 38 L. Ed. 781. It makes no difference that the payment is accepted under protest (Cutter v. The Mayor, 92 N. Y. 166); nor that the payment is made while a suit for both principal and interest is pending (Canfield v. School District, 19 Conn. 529; Davis v. Harrington, 160 Mass. 278, 35 N. E. 771). The district judge, admitting this to be the general rule, held that it did not apply to bankruptcy proceedings because they constitute a mere division of the fund belonging to the creditors, dividends from which are not to be regarded as payments on account of the bankrupt's indebtedness. In other words, that it is a distribution among equitable co-owners of their own property. We cannot accede to this view. The creditors are not owners of the bankrupt's assets; on the contrary, the trustee owns them in trust to pay the bankrupt's debts and any surplus to the bankrupts. Payment by the trustee, unless differentiated for some other reason, is as much subject to the rule that after a debt unaccompanied by a contract for interest is paid in full no interest can be recovered as if the payment were made by the bankrupt.

The trustee, however, contends that upon authority the rule does not apply to payments by executors, administrators, or receivers or trustees in bankruptcy. He cites a number of cases to prove this which do not appear to us to be controlling. In Williams v. President, etc., of American Bank, 4 Metc. (Mass.) 317, the question whether the creditors of a decedent's estate were entitled to interest in addition to principal arose before the principal had been paid. Chief Justice Shaw decided merely between the equities of the creditors and the next of kin without the question under consideration being raised at all. The subsequent case of Brown v. Lamb, 6 Metc. (Mass.) 203, under the insolvent laws of Massachusetts, did involve the question, but it was not considered, and the decision was rested entirely upon Williams v. President, etc., of American Bank. Judge Bond's decision in Re Bank of North Carolina, 12 N. B. R. 130, Fed. Cas. No. 895, is founded on these two cases. In the Matter of Murray, 6 Paige (N. Y.) 204, a proceeding under the insolvent laws of New York in which the

indebtedness had not been paid in full, Chancellor Walworth held that the balance with interest was payable out of funds subsequently collected. In People v. Trust Co., 187 N. Y. 293, 79 N. E. 1004, it was held that interest should be paid out of the estate of an insolvent trust company to depositors and holders of certified checks who had no contract for interest and whose claims had been paid in full. The court said it felt committed to this doctrine because of certain obiter observations in the earlier case of People v. American Loan & Trust Co., 172 N. Y. 371, 65 N. E. 200. In that case, however, all that was decided was that interest ceases from the appointment of a receiver of an insolvent trust company. This is the usual rule in all cases of insolvency, because, the assets almost invariably not being sufficient to pay the debts, calculations of interest are waste of time. The court added what is also everywhere the rule, that, if the assets are sufficient, interest must be paid. Of course, it meant interest that is due, whether by contract or as damages. Judge Haight further relied upon Sickels v. Herold, 149 N. Y. 332, 43 N. E. 852, holding that interest as damages was due after demand; Richmond v. Irons, 121 U. S. 27, 64, 7 Sup. Ct. 788, 30 L. Ed. 864, holding that stockholders of an insolvent national bank subject to assessment were liable for interest if the bank was; Wheeler v. Millar, 90 N. Y. 353, 363, holding that stockholders whose stock had not been fully paid are liable to pay interest; Mahoney v. Bernhard, 45 App. Div. 499, 63 N. Y. Supp. 642, affirmed 169 N. Y. 589, 62 N. E. 1097, in which the question as to interest was raised before the indebtedness was paid in full. None of these authorities seems to us to justify Judge Haight's conclusion. But he did cite another authority (National Bank of Commonwealth v. Mechanics' National Bank, 94 U. S. 437, 438, 24 L. Ed. 176), which deserves separate consideration because it proceeds upon an entirely different theory. In it depositors in an insolvent national bank in the hands of the Comptroller of the Currency whose claims had been paid in full were held entitled to interest on the ground that when their claims were proved to the satisfaction of the Comptroller they were to be treated as judgments. Mr. Justice Swayne said:

"The fiftieth section of the national banking act (13 Stat. 113) requires the Comptroller of the Currency to apply the moneys paid over to him by the receiver 'on all such claims as may have been proved to his satisfaction, or adjudicated in a court of competent jurisdiction.' The act is silent as to interest upon the claims before or after proof or judgment. Can it be doubted that a judgment, if taken, would include interest down to the time of its rendition? Section 996, p. 182, Rev. St., declares that all judgments in the courts of the United States shall bear the same rate of interest as judgments in the courts of the states, respectively, where they are rendered. Interest is allowed by the law of New York upon judgments from the time they are perfected. 3 Rev. Code N. Y. (Ed. 1859) p. 637. If these claims had been put in judgment, whether in a court of the United States or in a state court of that state, the result as to interest upon the judgment would have been the same. It was unnecessary to reduce them to judgment, because they were proved to the satisfaction of the Comptroller. After they were so proved, they were of the same efficacy as judgments, and occupied the same legal ground. Hence they are within the equity, if not the letter of these statutes, and bear interest as judgments would have done. Sedgw. on Constr. 311, 315."

We think that allowed claims in bankruptcy are as much entitled to be treated as judgments. Section 57 of the bankruptcy act (Act July

1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3443]) provides that the proof of debts shall be in writing, signed and sworn to by the creditor, stating the consideration and other particulars, and, when this proof is filed in the court or before the referee, the claim shall be allowed unless objected to. The subject is further regulated by General Order 21 (89 Fed. ix, 32 C. C. A. xxii), and by forms prescribed by the Supreme Court.

Following the case of National Bank of the Commonwealth v. Mechanics' National Bank, supra, the order is affirmed.