In re OHL.

(District Court, N. D. New York. August 8, 1919.)

BANKRUPTCY ⬤➤438—SURPLUS ASSETS OF DECEASED BANKRUPT.

Personal assets of a deceased bankrupt, remaining after payment of proved claims, expenses, and allowances, are payable to his executor or administrator.

In Bankruptcy. In the matter of J. August Ohl, bankrupt. On review of order of referee. Reversed in part.

Review of order of the referee in bankruptcy, adjudging that the balance of the bankrupt's estate consisting of personal property only, after payment of allowances and expenses, no creditor or creditors having filed or proved his claims, although the schedules show something like $30,000 of indebtedness, "be paid to the heirs at law of J. August Ohl, bankrupt, or their representatives," instead of the administrator of the estate of said Ohl, the bankrupt herein; Ohl having died during the pendency of the proceedings and prior to the final meeting of creditors and the settlement of the estate in bankruptcy.

P. H. Fitzgerald, of Utica, N. Y., for trustee.

H. C. Sholes, of Utica, N. Y., for administrator of bankrupt.

RAY, District Judge. The facts in this case are that the bankrupt, J. August Ohl, was owing various persons sums aggregating, as shown by the schedules, about $30,000. He had an insurance on his life, and the policy showed a life surrender value of about $500. This policy, on the death of J. August Ohl, was payable to his wife in case she survived him, but in case she did not it was payable to the executors, administrators, or assigns of Ohl. Ohl's wife did not survive him, and on his death, which occurred during the pendency of the bankruptcy proceedings, the company paid the cash surrender value of the policy to the trustee in bankruptcy. The balance of this fund, and there is no other, goes either to the administrator of the estate of J. August Ohl, to be duly administered as a part of his estate, or to his next of kin direct, inasmuch as no claim or claims have been filed or proved against the bankrupt estate, and there is a remainder undisposed of, after payment of all the expenses of the bankruptcy proceedings, commissions, and allowances.

As I understand the law, when a person goes into or is forced into bankruptcy, and adjudication follows, as here, and a trustee is appoint-

ed, and all proved and allowed claims and all expenses and commissions are paid from the assets of the estate, the balance of the estate, if any, goes back to the bankrupt, and is his property, to be disposed of by him as his own.

In this case there was a trustee and an estate in his hands, but no creditor or creditors have proved a claim, and all expenses and commissions have been paid and allowances made. There can be no distribution in bankruptcy to creditors, as no creditor has proved a claim, so as to be entitled to share in distribution. J. August Ohl died during the pendency of the proceedings, and his administrator, duly appointed, was substituted or brought in, and represents and succeeds to the interest and rights of the bankrupt in the property in the hands of such trustee. This administrator also represents the creditors, if any, of J. August Ohl, where debts, if any, were created after the filing of the petition in bankruptcy. There is no evidence there are or are not any such creditors, but the ordinary and legal method of disposing of the estate of a deceased person is, in case there be no will, to have an administrator appointed by the proper Surrogate's Court, notice to creditors published, and then after payment of debts, if any, and payment of the expenses of administration, the balance is decreed paid to the widow, if any, and next of kin of the deceased.

An administrator of the estate of a deceased person, duly appointed, is entitled to his personal property, and to administer it as against all the world, unless by common consent it has been divided and distributed to those entitled thereto prior to the appointment of the administrator. The United States District Court in bankruptcy has no power or jurisdiction to administer the part of the estate of the bankrupt that reverts to him or to his estate after payment of proved claims and expenses, etc., of the bankruptcy proceedings, except direct its payment to the party entitled thereto. Possession of the fund under and by virtue of the Bankruptcy Act confers no such power or jurisdiction to administer the estate. There is no provision in the law conferring on the court in bankruptcy any such power. It is not infrequent that the estate of an intestate is administered by the widow and next of kin, they being of full age and sound mind, without the appointment and intervention of an administrator. The legality of this cannot be questioned, and, assuming that there are no unpaid creditors, an administrator subsequently appointed, if appointed, could not collect in the estate from the widow and next of kin for the mere sake of again dividing it to those entitled.

But the court of bankruptcy represents neither the widow, next of kin of the deceased bankrupt, nor the administrator, nor does the trustee in bankruptcy. True, the trustee is to dispose of the balance of the bankrupt estate after payment of all expenses, allowances, commissions, and proved claims, on the order of the bankruptcy court; but any order of that court, or of its referee, is erroneous, which directs payment of such balance to the next of kin of the deceased bankrupt, when, as here, there was and is a duly appointed administrator appearing and demanding it. This administrator is

entitled to receive and administer it in due course, and apply it under the direction and decree of the Surrogate's Court which has jurisdiction of all such matters. This balance in this case is personal property, not real estate. After satisfying the claim of the widow, if any, and expenses of administration and the payment of debts, the balance goes to the next of kin under the statute of distribution in cases of intestacy. The expenses of due administration cannot be ignored, nor can the rights of creditors who become such after the petition in bankruptcy was filed. The order made assumes the money received by the trustee in bankruptcy on the policy of life insurance was payable to the heirs at law of J. August Ohl, which was not the fact, and that the bankruptcy court has the right to ignore the Surrogate's Court and assume to distribute the estate of Ohl, not required for purposes of administration under the Bankruptcy Act, which it cannot do.

Section 66b of the Bankruptcy Act (Act July, 1, 1898, c. 541, 30 Stat. 564 [Comp. St. § 9650]) clearly contemplates payment of any balance of the estate not claimed by creditors to the bankrupt, if living, and, if not living, to his executor or administrator. In Johnson v. Norris, 190 Fed. 459, 462, 111 C. C. A. 291, L. R. A. 1915B, 884, attention is called to the fact that the Bankruptcy Act makes no provision for the payment of the balance of an estate not required for expenses and credits to any one, but that it belongs as matter of course to the bankrupt. In Re John Osborn's Sons & Co., Inc., 177 Fed. 184, 185, 100 C. C. A. 392, 393, 29 L. R. A. (N. S.) 887, C. C. A. 2d Circuit, the court said:

"The creditors are not owners of the bankrupt's assets; on the contrary, the trustee owns them in trust to pay the bankrupt's debts and any surplus to the bankrupt."

In fact, an administrator is the only one entitled to ask, demand, and collect money due the estate of a deceased person.

The order of the referee made April 12, 1919, so far as it makes allowances, is affirmed and approved, but that part of such order which directs that the funds remaining after paying such allowances to the trustee, $20, to P. H. Fitzgerald, his attorney, $150, and to E. J. Lewis, stenographer, $4.50, "be paid to the heirs at law of J. August Ohl, bankrupt, or their representatives," is reversed, and there will be an order that, after payment of such sums of $20, $150, and $4.50, the allowances mentioned, the balance be paid by the trustee in bankruptcy of the estate of J. August Ohl to the administrator of the estate of said J. August Ohl.

Ordered accordingly.