## McCALL v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.

(District Court, W. D. Washington, N. D.   January 18, 1924.)

No. 6329.

1. Seamen ⬅➡22—Payment made after substitution of masters credited to accounts of master making payment.

Though one master turned over all of the ship's funds to his successor, held, that he is liable, under Rev. St. §§ 4525, 4612 (Comp. St. §§ 8316, 8392), to a seaman for wages due at the time of the substitution of masters, and payments thereafter made will be credited to the accounts of his successor, in the absence of evidence that any of the ship's money turned over to his successor was paid to seamen.

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Seamen ⚙➠27—Wages held lien on ship.**

Seamens' wages are a lien on the ship, and the ship is primarily liable therefor.

**3. Seamen ⚙➠22—Master liable only for wages accruing during period he held that position.**

Where one master turned over all of the ship's funds to his successor, his liability for future wages of seamen ceased.

**4. Payment ⚙➠41(1)—Court may make application, where no election was made at time of payment.**

Where there is no election at the time of payment, the duty devolves on the court to make the application ex æquo et bono, as neither party can make the election after a controversy on the subject has arisen between them, and a fortiori not at the trial.

In Admiralty. Libel by G. W. McCall against the United States Shipping Board Emergency Fleet Corporation and Charles Lorentzen. Decree directed against respondent Lorentzen for $229.11.

At the port of Seattle, on June 21, 1920, respondent Lorentzen, as master, and the libelant, as able seaman, signed shipping articles for a voyage upon the steamship Agylla to sundry ports on the west coast of South America, and back to final port of discharge, to be designated by the master, on the Pacific Coast of the United States or British Columbia, not exceeding six months. On the 21st of December, 1920, at Valparaiso, Chile, the vessel was in financial difficulties, and Lorentzen, the master, was displaced, and Capt. Cairney placed in command. Lorentzen at the time paid and delivered to Capt. Cairney as master, $1,325.25 of the ship's money. The libelant was to receive as wages $90 per month. On the 6th of September he was promoted to boatswain at a wage of $95 per month. Libelant contends that he earned up to September 6, 1920, wages and overtime in the amount of $233.35; that he received cash and from slop chest $102.72, leaving a balance due September 6th of $130.53, and that he continued in the employ of the ship until June 17, 1921, and earned $897.37, and was paid in cash and from the slop chest $233.13, leaving a balance due for that period of $664.19; that by the shipping articles he was entitled to be returned to a port of discharge in the United States, and that he incurred an expense of $227.31 in returning. He prays judgment for $1,012.03. He also claims two days' pay for each and every day elapsing since the date of his discharge, June 17, 1921. The vessel was libeled in the courts at Valparaiso, and was sold for $18,500, and a receiver appears to have been appointed, and from the testimony the fund has not been distributed. The libelant appears to have been made a party to that proceeding, but did not appear or make any claim. The respondent Lorentzen claims that at the time he was relieved of the command he turned over funds belonging to the ship sufficient to discharge the claim of the libelant, and that his liability ceased at the time of his removal, and that the libelant has been paid in full.

James Kiefer, of Seattle, Wash., for libelant.
Butcher & Butcher, of Seattle, Wash., for respondent Lorentzen.

NETERER, District Judge (after stating the facts as above). [1] The libelant bases his right to recovery upon section 4525, R. S. (Comp. St. § 8316), and the shipping articles executed by respondent Lorentzen pursuant to section 4612, R. S. (Comp. St. § 8392). These sections are pari materia. The right to recover is against the master. Section 4525, supra. The form of agreement designates the present master, or whoever shall go for master, or whoever shall lawfully succeed him. Section 4612, supra. Under these sections, which must be construed

⚙➠For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

together, the right to recover must be for wages earned at a time when the relation of master and seaman was extant.

[2, 3] The ship is primarily liable, and the seamen's wages are "a lien on the last plank in the ship." Benedict, § 603. The master is made liable because in early days he had custody of the ship's earnings, and not because of any pecuniary interest in the vessel or in the venture. When Lorentzen was displaced by Cairney, and the ship's funds turned over to the latter, all relation to the ship and seaman ceased, and the liability of Lorentzen for future earnings ended. Smith v. Oakes, 141 Mass. 451, 5 N. E. 824, 55 Am. Rep. 487.

[4] Lorentzen is liable for all unpaid wages earned prior to December 21, 1920, during the time he was master, which amount to $229.11. Everett v. U. S. (D. C.) 277 Fed. 256. Libelant was paid, according to his claim, after December 21, 1920, the sum of $206.76 in cash and the sum of $26.40 from the slop chest, making a total of $233.16. If this is applied to the oldest items of wages due, it satisfies the demand here. There is no allegation of election at the time of payment, and, if neither party avails himself of such right, the duty devolves upon the court to make the application ex æquo et bono. Field v. Holland, 6 Cranch (10 U. S.) 8, 3 L. Ed. 136. The rule settled by the Supreme Court as to application of payments is that, if the debtor fail to direct its application, the creditor may; if neither elects, equity will make the application according to justice and good conscience. "Neither of the parties can make it after a controversy upon the subject has arisen between them, and a fortiori not at the trial." National Bank v. Mechanics' National Bank, 94 U. S. 437 at page 439, (24 L. Ed. 176). Each case must depend upon the justice and equity presented by the peculiar circumstances disclosed.

In the instant case the court must decide between two parties, masters of the ship similarly situated, both parties acting in entire good faith. Holly v. Missionary Society, 180 U. S. 284, 21 Sup. Ct. 395, 45 L. Ed. 531. The funds of the ship were honestly administered, so far as disclosed by both masters. While Smith v. Oakes, supra, held that payments made are properly applied to the oldest claims of service, the facts there disclosed a different relation of the parties.

I think, in view of the liability of the ship for the entire service and the liability of the masters for the particular service rendered during the command of each, that equity and good conscience, under the rule above suggested, would require the application of the moneys paid by Capt. Cairney, master, to his liability. The liability of Lorentzen ending with his displacement, the claim for charges for transportation to the home port cannot be asserted against him, nor the claim for double pay. There is no testimony that any of the moneys delivered by Lorentzen to Cairney were paid to the libelant. Jenkins v. Fleet Corporation (D. C.) 268 Fed. 870 (see Everett v. United States, 284 Fed. 203), and Alaska S. S. Co. v. Gilbert, 236 Fed. 715, 150 C. C. A. 47, have no application.

A decree is directed against respondent Lorentzen for the sum of $229.11.