## No. 13,556.

MYERS ET AL. *v.* COLORADO PULP AND PAPER COMPANY ET AL.

(35 P. [2d] 1020)

Decided July 23, 1934.   Rehearings denied September 10, 1934.

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Messrs. VAN CISE & ROBINSON, Mr. J. E. ROBINSON, for defendant in error Colorado Paper Products Company.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

To a decree denying to certain general creditors interest on their allowed claims, either at the legal rate claimed by them, or four per cent, which was allowed all other like creditors, the creditors suffering the discriminatory judgment bring error. The controversy is rooted in the Colorado Pulp and Paper receivership proceeding, which had the attention of this court in *Rossi v. Colorado Co.,* 88 Colo. 461, 299 Pac. 19, and *Sparling Co. v. Colorado Co.,* 88 Colo. 523, 299 Pac. 41. In the Sparling review (p. 528) we determined that the general creditors "will be restored to a basis of one hundred per cent, with legal interest."

It appears that June 19, 1931, after the matter had been remanded, some of the general creditors stipulated to accept the face of their claims, plus four per cent from January 12, 1928, when general claims were allowed, but none of the creditors prosecuting this writ signed the stipulation, and in many ways manifested their unwillingness to be bound by it; that July 10, 1933, the court ordered certain sums paid into the registry for the benefit of the general creditors; that June 7, 1934, the court ordered that general creditors who had stipulated to accept the face of their claims and interest at four per cent, should be paid in accordance with the stipulation, and that general creditors not represented by counsel, although they had not signed the stipulation, should be paid on like basis, but that general creditors represented by an attorney named in the order, being those here, should have only the face of their claims; that in justification of the dissimilar treatment accorded creditors of the same class, it is stated in the order that those made to feel the court's displeasure, "have unnecessarily delayed the court in the carrying out of the terms of the

said stipulation and agreement of June 19, 1931, have increased the costs and expenses of this proceeding * * *, and have delayed the winding up of the affairs of said insolvent corporation, and that, by reason thereof, in equity and good conscience, they should not be allowed any interest on their claims.''

We think there was error. First, the complaining creditors were not bound by the stipulation. Second, the sole basis of the strictures was that these particular creditors had through orderly process sought to maintain what they conceived were their legal rights. Their claims had been formally adjudged, precisely as the claims on which interest was ordered to be paid, and on the same day. Interest attached from date of allowance. This award of the law was not subject to the conscience of the chancellor.

The motion to dismiss the writ, based on the ground that counsel for plaintiffs in error had withdrawn from the clerk's office checks covering the sums awarded these creditors in the court's mistaken order, we believe to be without merit. Considering that at the time of such withdrawal the creditors were actively perfecting this writ and what was withdrawn was of money unquestionably theirs, we cannot think they are estopped to claim interest, the only item involved below and here. Besides, the testimony is that the checks have not been cashed.

Let the order be that the judgment is reversed.

MR. JUSTICE HOLLAND not participating.

*On Petitions for Rehearing.*

MR. JUSTICE HILLIARD.

Plaintiffs in error and Colorado Paper Products Company, one of the defendants in error, have filed petitions for rehearing. The former seek direction of definite orders to be entered by the trial court. We perceive no warrant for such procedure.

■ The principal point urged by the petitioning defendant in error, and the only one we discuss, is based on its contention that since the estate is insolvent, as it says, allowance of interest on the claims of plaintiffs in error would be idle. The answer is that the law on the point was determined in the reviews cited in the opinion, where we said the claims should be restored, "with legal interest." From time of entry, judgments draw interest at eight per cent. C. L. 1921, §3778. Claims duly allowed, as were those here, are of like significance and bear the same interest. *National Bank v. Mechanics' Nat. Bank,* 94 U. S. 437, 439, 24 L. Ed. 176. In any event, as we conceive, difficulty of collection, or even impossibility, cannot be urged against the right of plaintiffs in error to have appropriate computations of their claims and conforming entries at the hands of the court. We regard *People v. American L. & T. Co.,* 172 N. Y. 371, cited by counsel, as distinguishable. See, generally, L. R. A. 1917D, pp. 1157-1170, and, particularly, p. 1159, where the New York case is reviewed.

But is the estate insolvent? It is true that in its order of June 7, 1934, the court found insolvency, but we think the record does not justify that resolution, particularly in relation to plaintiffs in error. One difficulty is that the court overlooked its order of July 10, 1933, directing, in behalf of general creditors, that a lien be reserved on the real estate and property of the failed company, which the receiver was authorized to sell. It is not important, we think, that in its order of reservation the court limited interest on the claims of general creditors to four per cent. As appears, we had previously ordered that the legal rate should obtain. It is the fact of the lien, as we conclude, not how the claims to be conserved are calculated, that is controlling. In the same order there is hint of other assets. The record does not show that as yet resort has been had to these apparently pregnant sources. The court, the receiver, the parties, as they cast about, may well discover other or more promising assets.

332

Our suggestions are not intended to be exhaustive or exclusive. Plaintiffs in error are small creditors. They and their claims have heretofore enjoyed our favorable expressions. In the interest of their legal preference we again enjoin the receiver and all concerned to diligence of effort. Other points of the petition have had our attention. We believe all to be without merit.

Let both petitions be denied.

MR. JUSTICE HOLLAND not participating.