**Walter C. GATES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22664.**

United States Court of Appeals
Ninth Circuit.

April 4, 1969.

W. S. Rainbolt, (argued) of Rainbolt & Hay, Long Beach, Cal., for appellant.

Edward L. Rogers (argued), Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Stuart A. Smith, Stephen H. Hutzelman, Attys., Dept. of Justice, Washington, D. C., Wm. Matthew Byrne, Jr., U. S. Atty., Jerry R. Stern, Asst. U. S. Atty., of counsel, Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and VON DER HEYDT,[*] District Judge.

JAMES M. CARTER, Circuit Judge.

At different dates four assessments of manufacturer's excise tax due were made by the Internal Revenue Service on appellant's pickup camper body manufacturing activities. The liability for the taxes was based on 26 U.S.C. §§ 4061(a) and 4061(b). Three of the assessments were satisfied by payments from the taxpayer and are not at issue in the suit. Payments in the amount of $15,117.94 were made on the remaining assessment of $27,757.63. None of the payments on this assessment were accompanied by instructions as to how the amount was to be applied to the tax liabilities under §§ 4061(a) and 4061(b). The Commissioner accordingly apportioned the payments between the taxes due, under the two sections, in a pro rata manner.

Subsequently, in Rev.Rule 66–163, 1966–1 Cum.Bull. 252, the Commissioner recognized that pickup camper bodies were not subject to tax liability under 26 U.S.C. § 4061(a). The taxpayer filed a claim and, after its rejection, a suit for a refund of § 4061(a) taxes erroneously paid.

During the proceedings below both parties stipulated to the following:

"[P]laintiff concedes that only those payments made between February 24, 1964, and January 19, 1966, in the amount of $12,000.00, are to be considered in computing the amount of refund due herein, in compliance with Section 6511 of Internal Revenue Code of 1954, and

\* \* \* the government concedes that the plaintiff is entitled to a refund to the extent that said $12,000.00 represents taxes assessed on camper bodies sold by the plaintiff, and

\* \* \* plaintiff concedes that the government is entitled to retain that portion, if any, of said $12,000.00 which is applicable to taxes on camper tops sold by plaintiff, in conformity with Section 4061(b) of the Internal Revenue Code of 1954 \* \* \*". [C. T.34–35]

At trial the government conceded the amount refundable to the appellant-taxpayer, $5,940.27 based on the following calculations:

| | | |
|---|---:|---:|
| Total tax payments on Account No. 11-352033-61L | | $15,117.94 |
| Less: Paid prior to Feb. 16, 1964 and not within the statutory period | | 3,117.94 |
| Tax paid and considered as claimed | | $12,000.00 |
| Correct tax liability | $6,371.52 [1] | |
| Less: Portion of $3,117.94 allocated to 8% taxes [Section 4061(b) taxes] | 311.79 | $ 6,059.73 |
| | | $ 5,940.27 |

Appellant concedes that $6,371.52 is the correct § 4061(b) tax liability.

Appellant states the question involved is whether the United States should have

[*] Hon. James A. von der Heydt, United States District Judge, District of Alaska, sitting by designation.

[1]. Taxes pursuant to Section 4061 (b) of the Internal Revenue Code of 1954 — $4,043.52; Delinquency penalty on Section 4061(b) taxes — 773.27; Depository receipt penalty on Section 4061(b) taxes — 33.54; Interest on unpaid taxes — 1,521.19; Total $6,371.52

applied the payments first to the taxes, interest and penalties *legally due* under § 4061(b), here admittedly $6,371.52; and whether that part of the taxes, interest and penalties under § 4061(a) which were later found to be improperly imposed, should be refunded to appellant.

Appellant contends that the entire $12,000 paid within the period of limitations, represents an excess payment. This *contention rests upon false assumptions*—(1) That payments made on three other assessments not involved herein should have been considered as having been made on the assessments at issue, and (2) That the payment made on the assessment in issue should have been allocated first to the § 4061(b) tax, the statutory provision upon which the correct tax liability is based.

## DISCUSSION

■  Only the first assessment of tax plus additions, totaling $27,757.63, is involved in our case. Of the three later assessments, two were paid in full with the submission of the returns. The Commissoner treated these payments as intended by the taxpayer to be applied to the accompanying returns. Other payments were then credited to the oldest assessment. This method of application was not objected to by the taxpayer. However, each of the three later assessments is beyond the scope of our review. The district court below dismissed the cause of action which was based on the payment of these assessments after finding that appellant had not filed timely claims for refund. 26 U.S.C. § 7422(a) (1964). Appellant has not contested this ruling. Therefore, we cannot consider the effect of any allocations made to those assessments which would increase the amount of refund on the claim at issue; to do so would be to sanction the circumvention of the statute which bars any payment of refund on these claims. *See* 26 U.S.C. § 7422(a) (1964); Rev.Rul. 57–73, 1957–1 Cum. Bull. 612.

■  Finally, the Commissioner's apportionment of payments in a pro rata

manner to the § 4061(a) and § 4061(b) taxes of the assessment in issue is in accord with his own regulations and existing case law. Rev.Rul. 58–239, 1958–1 Cum.Bull. 94; National Bank v. Mechanic's National Bank, 94 U.S. 437, 439, 24 L.Ed. 176 (1876); Hewitt v. United States, 377 F.2d 921, 925 (5 Cir. 1967); Datlof v. United States, 370 F.2d 655, 658–659 (3 Cir. 1966); Pacific National Ins. Co. v. United States, 270 F.Supp. 165, 173 (N.D.Cal.1967).

The judgment of the district court is affirmed.