**John T. ANDERSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 79–C–1.**

United States District Court, E. D. Wisconsin.

Sept. 26, 1980.

Jerome Rinzel, Cudahy, Wis., for plaintiff.

Jeffrey D. Snow, Tax Division, Dept. of Justice, Washington, D. C., Joseph Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on cross–motions for summary judgment. The parties are in agreement that there exists no genuine triable issue of any material fact and that decision must flow to one or the other as a matter of law. The motion of the plaintiff for summary judgment will be denied, and the motion of the defendant will be granted.

The Internal Revenue Service (IRS), acting pursuant to 26 U.S.C. § 6672, assessed the plaintiff as a responsible officer of the

Continental Lumber Co., Ltd., for sums owed by Continental for the fourth quarter of 1975. The plaintiff paid $100 toward the assessment and filed this action seeking a refund of the $100 and an abatement of the deficiency. The defendant has counterclaimed, seeking the sum of $6355.90, plus interest, as the amount allegedly owed by the taxpayer.

This case involves payments made by Continental partially to cover its tax liabilities and the method used by the IRS to allocate the Continental payments to different tax categories. There are three categories of taxes relevant here. (1) Under 26 U.S.C. § 3402(a), an employer making wage payments is required to deduct and withhold a percentage of such wages. The employer is liable to the government for the amount withheld, 26 U.S.C. § 3403; 26 U.S.C. § 7501(a) states: "The amount of tax so collected or withheld shall be held to be a special fund in trust for the United States." (2) The Federal Insurance Contributions Act (FICA) imposes a tax amounting to a specified percentage of employment wages received · by an individual, 26 U.S.C. § 3101(a). This tax is also collected by the employer as a deduction from wages, 26 U.S.C. § 3102(a); the employer is liable to the government for payment of these amounts, 26 U.S.C. § 3102(b). Taxes collected under this provision are also to be held in a special fund in trust for the United States, Treas.Reg. § 301.7512–1. (3) In addition to the employee portion of the FICA tax, there is an employer portion. Under 26 U.S.C. § 3111(a), an employer is required to pay an excise tax equal to the employees' contributions to the FICA category. These three areas of tax will be referred to as: withholding tax, employee FICA, and employer FICA. The first two are also described as trust fund taxes, because of the trust fund provisions that apply to those taxes.

The events which gave rise to the deficiency are not disputed, although there is some confusion in the briefs as to the relevant amounts. The parties have stipulated to one schedule of amounts, however, and the court shall adopt·those as being correct.

It is undisputed that in late 1975 and early 1976 Continental made four payments to partially cover its liabilities under the three tax categories discussed above. The stipulated value for these four deposits is $9,555.04. The IRS allocated this sum to the company's three tax categories in this manner: $1,270.98 to the withholding tax, $4,142.03 to the employees' FICA contribution, and $4,142.03 to the employer's FICA contribution. This allocation satisfied the company's liabilities under the latter two categories and left the company owing $6,455.90 in withholding taxes.

The IRS used this allocation scheme in accordance with a policy expressed in the Internal Revenue Manual.

"(2) FTD [Federal Tax Deposit] credits in an amount *less* than the total tax liability accrued at the date of purchase will be applied:

(a) first to the employer's portion of the FICA tax for the period, then

(b) to the trust fund portion of the liability.

"(3) Notwithstanding the guidelines in (2) above, there may be circumstances in which it is in the best interest of the Government to apply FTD credits in accordance with a taxpayer's written request, if such request was made at the same time as the FTD payment." Internal Revenue Manual, § 55(14) 4.2, p. 5–627.

The plaintiff argues that this policy has no statutory basis and since the policy is found in an "in–house" manual, it is unenforceable as an unpublished rule. This argument is not persuasive. The policy found in the Internal Revenue Manual simply applies to tax collection the longstanding principle of debtor–creditor relations that in the absence of direction by the debtor the creditor has the right to allocate payments on the debt as it sees fit. *National Bank of Commonwealth v. Mechanic's National Bank*, 94 U.S. 437, 24 L.Ed. 176 (1876). IRS reliance on this common law rule has been explicitly approved by the court of appeals for the fifth circuit. "In the absence of any

agreement, direction or request the Internal Revenue had the right to apply the funds as it saw fit." *Hewitt v. United States*, 377 F.2d 921, 925, (5th Cir. 1967). (citing *National Bank of the Commonwealth*).

Thus the plaintiff could allocate the funds paid by Continental as it wished, unless Continental provided some direction to the IRS as to how to allocate the funds. Further, any direction had to be contemporaneous with the deposits.

 The plaintiff contends that he did make such a direction. He indicates that when the deposits were made, they were accompanied by an official Treasury Department form, numbered 941–501. This form resembles a bank deposit slip. It contains blank lines for the name of the depositary, the employer identification number, and the tax period ending date. The heading on form 941–501 reads: "Federal Tax Deposit of: *Withheld Income and FICA* for Tax Quarter Ending." (Emphasis added.)

The plaintiff argues that this heading indicates that the funds deposited are for the trust fund taxes, not the employer portion of the FICA tax, and that the plaintiff was entitled to rely on this for direction to the IRS to apply the deposits to the trust fund taxes. This argument is completely unpersuasive. Form 941–501 gives no indication that it is to be used only for the trust fund taxes. The employer's portion of the FICA tax is also an FICA tax, and to argue that a deposit accompanied by form 941–501 cannot be applied to the employer's portion simply has no merit. Further, there is no indication in the record that form 941–501 has ever been described by the IRS as a form that denotes direction for deposits made to cover these taxes. In my opinion, the plaintiff has not successfully supported his claim that he provided the IRS with direction to allocate the Continental deposits to the trust fund taxes. Thus, the defendant must prevail on its motion for summary judgment.

Therefore, IT IS ORDERED that the plaintiff's motion for summary judgment be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion for summary judgment be and hereby is granted.

IT IS FURTHER ORDERED that the defendant is entitled to judgment on its counterclaim in the sum of $6,355.90, plus the statutory interest accrued from May 22, 1980, to the date of the judgment.

IT IS FURTHER ORDERED that the plaintiff's action be and hereby is dismissed.