**In re Sam W. JACKSON, Sr., Bankrupt.**

**Bankruptcy No. 78–667–N.**

United States Bankruptcy Court,
M. D. Alabama.

June 10, 1981.

Euel A. Screws, Jr., Montgomery, Ala., for bankrupt.

## ORDER ALLOWING AMENDMENT TO CLAIM ORDER AUTHORIZING TRUSTEE TO PAY CLAIMS

RODNEY R. STEELE, Bankruptcy Judge.

On April 14, 1981, the Peoples Bank of Clio and the Federal Deposit Insurance Corporation as successor to the Southern National Bank, who are creditors in this proceeding, and in other proceedings connected with this case, filed a Petition to amend their Proof of Claim to claim interest accrued after the date of bankruptcy upon the principal amount of their claim as reduced by certain payments already made out of the estate, representing liquidation of security collateral, and set-offs.

At the same time the Peoples Bank and the F.D.I.C. as successor, filed their amendment to Proof of Claim to reflect the amount of post-petition interest which they did claim, in this case amounting to $94,172.24.

By an Order entered on April 21, 1981, the Petition to amend claim was set to be heard at Montgomery, Alabama at 2:00 p. m., on Monday, May 11, 1981.

Notice was given to the attorney for the Bankrupt, to the attorneys for the bank and F.D.I.C., to the Trustee, to the Debtor, and to the Peoples Bank of Clio, Alabama.

On May 5, 1981, the Bankrupt by his attorney filed an objection to the allowance of the Amendment to Proof of Claim filed by the Peoples Bank and F.D.I.C., as successor, on the grounds that the claim erroneously includes interest at ten percent when the interest allowable is at the legal rate, and on the further ground that the claim erroneously fails to give credit to the Bankrupt for the sale by the Trustee of collateral, in that credit is given from the date of receipt of proceeds rather than from the date of sale of the collateral.

At the appointed time and place the Petition to Amend came on for hearing in accordance with the Order. Present was the attorney for the Bankrupt, the attorney for the bank and the attorney for the F.D.I.C., and the Trustee.

At that time the parties agreed that the matter might be submitted upon the record, including the Amendment to Proof of Claim, and that the following three points of law were involved:

1. On what principal figure is interest to be computed?

2. What is the correct rate of interest on such figure?

3. What are the dates on which such interest begins to run?

The parties have now submitted briefs on these points.

### FACTS

In this bankruptcy case seven claims were filed. Claim numbered two of Alto L. Jackson, Sr. and Pearl N. Jackson was disallowed in full by an Order dated September 23, 1980.

Claim number three of Jena Shirley, the Barbour County Tax Collector was allowed as secured and paid in full as an ad valorem tax. See the Order dated March 30, 1981.

The remaining claims all unsecured, and the amounts are as follows:

Claim number one of The Bank of Ozark allowed in the amount of $15,735.59.

Claim number four, First Farmers and Merchants National Bank of Troy, Alabama, allowed in the amount of $6,261.13 as of September 23, 1980. See the Order of this Court dated September 23, 1980.

Claim number five of Allis-Chalmers Credit Corporation allowed in the amount of $5,177.48.

Claim number six of the Peoples Bank of Clio (and the F.D.I.C. as successor, etc., as its interest may appear) unpaid after reductions in the amount of $73,078.86.

Claim number seven of Benelle S. Warr, Tax Collector Barbour County, Clayton, Alabama, which is disallowed as a duplicate of claim number three already paid.

After the Trustee liquidated all of the assets in this estate he made payment to the Peoples Bank of Clio and the F.D.I.C., as successor, of all of that property which was secured to them under their security agreements or mortgages. Trustee has in addition settled a law suit in Jefferson County with the Peoples Bank and F.D.I.C., and that has resulted in a reduction of the amount of their claim. Trustee has also paid, in a companion case, a dividend on this same debt which has reduced the debt to the present $73,078.86.

Trustee now has on hand in this estate the sum of $185,168.78 realized by him from the liquidation of unencumbered assets and which are now available for distribution to the above claims numbered one, four, five and six.

After the payment of these four claims in the amounts above specified, the Trustee will have remaining in his hands the sum of $84,915.72.

The questions raised then in this Petition are whether the $84,915.72 is to be distributed, to the creditors whose claims are paid in full in this proceeding, in payment of interest accrued after the date of bankruptcy and if so, upon what basis.

## CONCLUSIONS

For the reasons set out below we conclude that the distribution of the remaining assets, consisting of $84,915.72, now in the hands of the Trustee, ought to be distributed to the creditors whose allowed claims have been paid in full in this case as payments on interest accrued since bankruptcy.

We start with what we perceive to be some basic bankruptcy concepts under the 1898 Act.

■ 1. The Debtor is entitled to his exemptions out of property which may fall into his estate in bankruptcy.

■ 2. The estate in bankruptcy after exemptions are set aside, is a trust fund for the benefit of creditors.

■ 3. The trust fund is due to be exhausted in payments to creditors for the full amount of their claims including principal and interest. Where the estate is sufficient to pay all allowed claims in full, post-petition accrued interest is to be paid out of the estate to the allowed claims.[1]

■ Only where it is not so exhausted are trust funds due to be refunded to the Bankrupt.

4. The purpose of bankruptcy is to so administer an estate as to bring about a rateable distribution of the assets of the estate among the bankrupt's creditors, according to their interests as of the date of bankruptcy. *Vanston Bondholders Protective Committee v. Green* (1947), 329 U.S. 156, 67 S.Ct. 237, 91 L.Ed. 162. This equitable principle undoubtedly extends to the payment of post-petition interest out of the estate remaining, if all valid allowed claims have been paid in full.

■ The remaining trust funds in this case are to be distributed to the remaining unsecured creditors, including the Peoples Bank of Clio and F.D.I.C., as successor, upon their allowed claims (including principal and interest accrued up to the date of

---

1. The rule of paying interest on a secured debt, where the collateral security, on liquidation, is sufficient to pay the principal and interest, is a separate and distinct matter, not germane to this case. Cf. *In re Oklahoma Railway Company*, D.C.W.D.Okl., 1945, 61 F.Supp. 96; *Coder v. Arts*, C.A. 8, 1907, 152 F. 943.

bankruptcy), until the fund is exhausted or until they are paid their claims in full, principal and interest, that is, up to the amount of their allowed claims, plus interest at some rate or rates until the fund is exhausted.

■ What rate of interest? It must be that rate of interest established by contract or by the law.

■ A claim based upon an unsecured debt raised upon open account should bear interest after bankruptcy at the legal rate. *In re John Osborn's Sons and Company,* C.A. 2, 1910, 177 F. 184.

■ A claim based upon an unsecured debt raised by written contract should bear interest at the contract rate if the contract is valid, not avoidable and not usurious. *In re Oklahoma Railway Company,* D.C.W.D. Okl. 1945, 61 F.Supp. 96.

In this case there is no question of invalidity, avoidability or usury of the remaining claims. They are due to be paid, in accordance with the above principles and in accordance with Exhibit A attached hereto.

It is therefore ORDERED:

1. The amendment of the Peoples Bank of Clio, and F.D.I.C., as successor, is hereby allowed, and the claim as amended is allowed.

2. The principal figure on which post-petition interest is to be computed is the allowed amount of each remaining claim, less any payments or set-offs since adjudication, as of the dates of approval of such payments or set-offs.

3. The correct rate of interest in computing post-petition interest is the contract rate, or upon open debts, the legal rate.

4. Post-petition interest is this case begins to run from the date of adjudication.

5. Trustee is hereby authorized to pay from the remaining $84,915.72 in his hands after the payment in full of the face amount of all claims heretofor allowed in this case, the amounts set out in the column of Exhibit A to this Order headed "Percent Interest To Be Paid."

Such amounts are to be paid out after ten days from the date of this Order with no notice of appeal having been filed and with no application for rehearing or recomputation having been filed.

## EXHIBIT A

### Percent Interest To be Paid

| Claim Number | Claimant | Allowed Claim | Interest Rate (Contract) | Date From Which Interest First Runs | Amount of Interest | Percent of Interest To be Paid (.8370458) 3/ | Total of Claim and Interest to Be Paid |
|---|---|---|---|---|---|---|---|
| 1 | Bank of Ozark | $ 15,735.59 | 10.5% | 12-6-78 | $ 4,130.59 | $ 3,457.49 | $ 19,193.08 |
| 3 | Jena Shirley Tax Collector | $ 186.49 1/ | 6% | 12-6-78 | $ 27.97 | 23.41 | $ 23.41 |
| 4 | First Farmers & Merchants Bank | $ 6,261.13 1/ | 8% | 12-6-78 | $ 1,252.23 | $ 1,048.17 | $ 7,309.30 |
| 5 | Allis-Chalmers Credit Corp. | $ 5,177.48 | 14.4% | 12-6-78 | $ 1,863.90 | $ 1,560.17 | $ 6,737.65 |
| 6 | Peoples Bank of Clio and F.D.I.C. | $ 73,078.86 | 10% 2/ | 12-6-78 | $ 94,172.24 2/ | $ 78,826.48 | $151,905.34 |
| TOTALS | | $100,253.06 | | | $101,446.92 | $ 84,915.72 | $185,168.78 |

1/ See Order dated September 23, 1980.

2/ In accordance with the Amendment to the Proof of Claim filed on April 14, 1981.'

3/ There is on hand for distribution $185,168.78. After payment in full of the claims numbered 1, 4, 5 and 6 (Claim numbered 3 is already paid) totaling $100,253.06, there remains for payment of post-petition interest $84,915.72. This amount pro-rated among interest claims totaling $101,446.92, is 83.704582.