In re Jerry V. HERALD d/b/a Townhouse Restaurant, Debtor.

Bankruptcy No. 81-00787-2.

United States Bankruptcy Court,
E.D. North Carolina.

April 14, 1986.

Supplemental Opinion June 16, 1986.

Stephen L. Beaman, Wilson, N.C., for debtor.

Rudolf A. Renfer, Asst. U.S. Atty., Raleigh, N.C., for the I.R.S.

THOMAS M. MOORE, Chief Judge.

This matter comes on to be heard upon the motion for determination of a claim by the Internal Revenue Service (IRS) against the debtor.

After reviewing the case file and hearing arguments of counsel, the court finds the facts to be as follows:

### FINDINGS OF FACT

The debtor filed a petition under Chapter 11 of the Bankruptcy Code on March 18, 1981. The plan proposed an orderly liquidation of the debtor's non-exempt assets. The debtor was the president and ninety percent (90%) shareholder of a debtor in a companion bankruptcy case, *In re Metco, Inc.*, No. 81-00786-2 (Bankr.E.D.N.C.) which was also filed on March 18, 1981. The assets in the *Metco* case were liquidated under Chapter 11 and distribution has already been made.

The Internal Revenue Service (IRS) was listed in the *Metco* petition as a creditor in the amount of Thirty-one Thousand and No/100 Dollars ($31,000.00). These taxes were for employee withholding and Federal Insurance Contributions Act (FICA) taxes. An Order dated May 1, 1984, was entered by this court directing that the IRS file separate claims for each separate tax claimed to be due and owing. The IRS filed separate claims for each quarter that the taxes were due and owing, but did not distinguish the tax by type.

On October 18, 1985, Metco filed an application for order authorizing distribution to creditors, including the IRS. The application did not evidence any distinction be-

tween which type of tax would receive payment. An amended Order authorizing distribution was entered on January 27, 1986, in the *Metco* case providing for a payment of Ten Thousand Six Hundred Twenty-one and 10/100 Dollars ($10,621.10) to the IRS. The amended Order did not state whether the payment was to be credited to Metco's trust fund liability or to Metco's non-trust fund liability. The IRS elected to credit the payment to the non-trust fund liability in the *Metco* case.

In the debtor's case, the debtor's attorney filed on January 23, 1986, an application for distribution. The application provided for a credit of Ten Thousand Twenty-one and 50/100 Dollars ($10,021.50) to the debtor's trust fund tax liability arising from the distribution in the *Metco* case. The IRS filed an objection to the application for distribution on March 10, 1986, claiming that they are entitled to Twenty-six Thousand Three Hundred Fifty-seven and 97/100 Dollars ($26,357.97). The debtor has now filed a motion for the court to determine the amount of the IRS claim against the debtor.

### ISSUE

The issue is whether the IRS properly applied the payment from the liquidated assets in the *Metco* case to the non-trust fund tax liability.

### CONSIDERATION OF ISSUE

■ The payments in question are those owed to the IRS for employee wage withholding and Federal Insurance Contributions Act (FICA) taxes. The withholding taxes are income taxes held in trust for the employee. The FICA taxes are paid by the employee and the employer. The employee's share of FICA is withheld in trust by the employer from his salary. The employer matches this amount from his operating capital, and the funds are paid to the IRS. The employer is ultimately liable for the payment of the trust fund taxes.

In the *Metco* case, the amended Order authorizing distribution did not direct the IRS to credit the payment to the trust fund taxes. Absent such direction from the court or the debtor, the IRS can apply voluntary tax payments that it receives to any amount owed. *In the Matter of Tom LeDuc Enterprises, Inc.*, 47 B.R. 900, 902 (D.W.D.Mo.1984), *citing In re Frost*, 19 B.R. 804, 808 (Bankr.D.Kan.1982); *O'Dell v. United States*, 326 F.2d 451 (10th Cir. 1964). The IRS elected to credit the non-trust fund liability of Metco. The debtor in this case is responsible for the full payment of the trust fund taxes that were not paid in the *Metco* case.

### CONCLUSIONS OF FACT AND LAW

The amended Order authorizing distribution in the *Metco* case did not direct the IRS to apply the payment to any specific debt; therefore, the IRS had the right to apply the payment to the non-trust fund liability.

The debtor is not entitled to a credit on the claim of the IRS for trust fund taxes. The debtor is liable to the IRS in the amount of Twenty-six Thousand Three Hundred Fifty-seven and 97/100 Dollars ($26,357.97) for trust fund taxes in this case.

A separate Order will be entered forthwith.

### SUPPLEMENTAL MEMORANDUM OPINION AND ORDER

This matter comes on to be heard upon the motion for relief from judgment or Order filed April 13, 1986, by Mr. Stephen L. Beaman, attorney for the above debtor.

The court entered an Order with an accompanying Memorandum Opinion on April 14, 1986, which denied the debtor's application for distribution and allowed an 11 U.S.C. § 507(a)(7) priority claim in the amount of Twenty-six Thousand Three Hundred Fifty-seven and 97/100 Dollars ($26,357.97) which was filed by the Internal Revenue Service (IRS).

The debtor stated in his motion for relief from judgment or Order that the court had not received a stipulation of facts between

the IRS and the debtor and had not considered such stipulations in its decision.

After reviewing the stipulation of facts filed with the court on May 27, 1986, the court finds the facts to be as follows:

## FINDINGS OF FACT

In the companion case of *In re Metco, Inc.*, No. 81–00786–2 (Bankr.E.D.N.C.), the court entered an Order dated May 1, 1984, which ordered the IRS to file separate claims for each quarter in which taxes were due and owing. The claims did not distinguish the tax liability by type of tax.

The court entered an Order dated January 27, 1986, in *Metco* which called for the final distribution to claims. The Order provided that a prorata payment of the IRS claim was to be made in the total amount of Ten Thousand Six Hundred Twenty-one and 10/100 Dollars ($10,621.10). Upon this distribution, Metco's attorney sent a letter to the IRS directing that the payments be applied to the trust fund tax liability of the debtor, Metco, Inc. The IRS replied to Metco's attorney in a letter dated February 26, 1986, that the payments were considered to be involuntary and would be applied to the non-trust fund liability. On May 13, 1986, the IRS assessed a one hundred percent (100%) penalty in the amount of Twenty-three Thousand Seven Hundred Seventy-one and 03/100 Dollars ($23,-771.03) against the debtor, Jerry V. Herald, president of Metco, Inc.

## ISSUES

The issues are whether the payments made by Metco, Inc., were voluntary or involuntary and whether the debtor is entitled to relief from the Order entered on April 14, 1986.

## CONSIDERATION OF ISSUES

■ The application of payments made to the IRS depend on whether the payments are voluntary or involuntary. When a taxpayer makes a voluntary payment, the taxpayer has the right to direct the application of the payment to whatever type of liability it chooses. *See Muntwyler v. United States*, 703 F.2d 1030, 1032 (7th Cir.1983); *O'Dell v. United States*, 326 F.2d 451, 456 (10th Cir.1964); *Matter of Avildsen Tools and Machines, Inc.*, 40 B.R. 253 (N.D.Ill.1984). When the payments are involuntary, the taxpayer lacks the authority to direct the application of the payments. *National Bank of the Commonwealth v. Mechanics' National Bank*, 94 U.S. 437, 4 Otto 437, 24 L.Ed. 176 (1976). The issue that the courts must resolve is whether the payments are voluntary or involuntary.

The leading case which defines an involuntary payment is *Amos v. Commissioner*, 47 T.C. 65 (1966). "An involuntary payment of Federal taxes means any payment received by agents of the United States as a result of distraint or levy or *from a legal proceeding* in which the Government is seeking to collect its delinquent taxes or file a claim therefor." 47 T.C. at 69 (emphasis added). The bankruptcy court's involvement in the distribution of the funds to the IRS is enough to make the payments involuntary. *Muntwyler v. United States*, 703 F.2d 1030, 1033–34 (7th Cir.1982); *Matter of Avildsen Tools and Machines, Inc.*, 40 B.R. 253, 255–56 (D.C.Ill.1984); *In re Frost*, 47 B.R. 961, 964–65 (D.Kan.1985). Since the claims of the IRS are being administered through this court, the payments made by Metco, Inc., were involuntary. The IRS had full authority to credit the non-trust fund tax liability.

The Order and Memorandum Opinion dated April 14, 1986, is not affected by the consideration of the issues in this Memorandum Opinion and Order.

IT IS ORDERED, ADJUDGED AND DECREED that the motion for relief from judgment or Order, be, and hereby is, denied.