**8**

---

Dennis Bezanson, So. Portland, Me., trustee.

Frederick C. Emery, Jr., Asst. U.S. Atty., Portland, Me., for I.R.S.

Michael John Bell, Sole Shareholder Maine Aviation, Thomas Ainsworth, So. Portland, Me.

### MEMORANDUM OF DECISION

FREDERICK A. JOHNSON, Chief Judge.

### INTRODUCTION

On February 3, 1986, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. On August 14, 1987, the trustee

**In re YORK AVIATION, INC., Debtor.**

**Bankruptcy No. 286-00033.**

United States Bankruptcy Court, D. Maine.

Dec. 20, 1989.

filed on behalf of the debtor's sole shareholder a Motion to Compel Payment of Priority Claims; Notice of Intended Sale of Accounts Receivable. On August 31, 1987, the trustee filed a Joint Notice of Intended Sale and Application for Approval of Compromise.

Arising out of those two pleadings, this court signed an order on October 8, 1987 providing in pertinent part that

> the Trustee be and hereby is authorized to pay, in pro-rata fashion, to the Internal Revenue Service and the Maine Bureau of Taxation the total interim amount of $30,000 in payment of the trust fund portion of the Internal Revenue Service's and the Bureau of Taxation's Proof of Claim for taxes due from the Debtor ...

Pursuant to the Order, the trustee paid to the Internal Revenue Service (IRS) the amount of $27,369.57. The trustee's check noted that the funds were to be applied to the trust fund taxes first.

On March 22, 1988, the United States of America (USA), acting on behalf of the IRS filed a motion to vacate the Order of October 8, 1987, for lack of personal jurisdiction. The purpose of the Motion to Vacate was to object to and oppose that part of the court's order directing that funds paid to the IRS be applied to the trust fund taxes of the debtor.

The court granted the IRS's motion to vacate the disputed portion of the Order for lack of personal jurisdiction. *See In re York Aviation, Inc.,* No. 286–00033 (Bankr.D.Me. August 5, 1988). Consideration of the issue of the proper application of funds paid to the IRS was postponed pending the First Circuit's decision in *In re Energy Resources, Co.,* 871 F.2d 223. The First Circuit issued its decision on March 31, 1989. *In re Energy Resources Co., Inc.,* 871 F.2d 223 (1st Cir.1989), *cert. granted,* — U.S. —, 110 S.Ct. 402, 107 L.Ed.2d 369 (1989). The court now concludes that under the facts of this case, it cannot order the IRS to apply the tax payment made by the debtor to the trust fund taxes first.

## DISCUSSION

### A. Voluntary or Involuntary Question

■ The two cases before the First Circuit in *Energy Resources* involve corporations in Chapter 11 bankruptcy reorganizations. The case before this court involves a Chapter 7 liquidation.

In *Energy Resources* the First Circuit initially concluded that a payment made pursuant to a Chapter 11 plan is "involuntary". *In re Energy Resources, Co.,* 871 F.2d at 227; *In re Ribs–R–Us, Inc.,* 828 F.2d 199 (3rd Cir.1987). Under IRS policy, supported by case law, the IRS may apply involuntary payments as it sees fit to reduce a debtor's overall tax liability. *See In re Energy Resources, Co.,* 871 F.2d at 226. The status of the debtor in this proceeding as a Chapter 7 bankrupt does not affect the "involuntary" nature of any tax payments. This court concludes that the law permits the IRS to call tax payments within a Chapter 7 liquidation "involuntary" for purposes of applying its own regulations. *See id.* at 227, 229–30 (To same effect in context of Chapter 11 reorganization). *See In re Frost,* 47 B.R. 961, 964–65 (D.Kan.1985) (Involvement of the court and not the type of bankruptcy which makes payments involuntary).

### B. Bankruptcy Court's Power to Allocate Tax Payments

■ As previously indicated, IRS policy permits it to allocate "involuntary" payments as it sees fit. Despite such a policy, the First Circuit concluded that

> the law does authorize a bankruptcy court to order the IRS to allocate such "involuntary" payments to a taxpayer's "trust fund" liability first, *provided that the court reasonably concludes that this allocation will likely increase the reorganization plan's chances for success.* [Emphasis added]

*In re Energy Resources, Co., Inc.,* 871 F.2d at 227.

At issue are the competing aims of the Bankruptcy Code and Internal Revenue Code, which should be resolved on a case-by-case basis. *Id.* at 233; *In re A & B*

*Heating & Air Conditioning,* 823 F.2d 462, 465 (11th Cir.1987), *vacated and remanded for consideration of mootness,* 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988). The aim of the Internal Revenue Code is to "maximize the public fisc." *In re A & B Heating & Air Conditioning,* 823 F.2d at 465. The competing aim which is emphasized in the *Energy Resources* decision is "the Bankruptcy Code's preference for rehabilitation over liquidation." *In re Energy Resources, Co., Inc.,* 871 F.2d at 233; *In re A & B Heating & Air Conditioning,* 823 F.2d at 465. A viable reorganization plan typically provides greater payment to creditors while preserving the economic life of the entity. *In re A & B Heating & Air Conditioning, Inc., supra.*

■ Essentially, the bankruptcy court may order the IRS to apply an "involuntary" payment to trust fund taxes, if it will increase the likelihood of a successful rehabilitation, i.e. diminish the likelihood of liquidation. *See In re Energy Resources, Co., Inc.,* 871 F.2d at 234.

In this proceeding, the debtor is already involved in a Chapter 7 liquidation. This court need not take into account that if the sole shareholder is pressured to pay taxes out of his own pocket, the incentive to continue successful reorganization is reduced. *See In re A & B Heating & Air Conditioning,* 823 F.2d at 465. *See also In re Energy Resources, Co., Inc.,* 871 F.2d at 230 (Order applying payment to trust fund taxes appropriate in a situation where such assurances result in infusion of new capital into the business).

In a Chapter 7 proceeding, the aim of the Bankruptcy Code to prefer rehabilitation cannot override the aim of the Internal Revenue Code to maximize the public fisc. As a result, the IRS policy regarding "involuntary" payments applies to this proceeding. The court cannot direct that the IRS apply any payments of the debtor to trust fund taxes first. The IRS is free to apply the tax payment made to it by the trustee, in the amount of $27,369.57, and any future payments, in accordance with IRS policy.

An appropriate order will be entered.

### ORDER

This proceeding came on for hearing before the court, Honorable Frederick A. Johnson, Bankruptcy Judge, presiding, and consideration of the issue of the proper application of funds paid to the Internal Revenue Service (IRS) was postponed pending the First Circuit's decision in *In re Energy Resources Co., Inc.,* 871 F.2d 223.

The First Circuit having rendered its decision in *In re Energy Resources Co.,* 871 F.2d 223 (1st Cir.1989), *cert. granted,* —— U.S. ——, 110 S.Ct. 402, 107 L.Ed.2d 369 (1989), and this court having duly rendered its decision in accordance with the First Circuit opinion, it is ORDERED AND ADJUDGED that insofar as the trustee and/or the sole shareholder of the debtor requests authority to apply to trust fund taxes any tax payments made to the IRS, that request is and must be DENIED.

It is further ORDERED AND ADJUDGED that the payment made by the trustee to the IRS in the amount of $27,-369.57 and any future payments, are involuntary and may be applied by the IRS in accordance with longstanding IRS policy. Costs to no party.