**In re OPTICS OF KANSAS, INC. A Corporation, d/b/a Surveillance Services, Inc., Debtor.**

**Bankruptcy No. 86–21821–7.**

United States Bankruptcy Court, D. Kansas.

Oct. 8, 1991.

James S. Willis, McDowell, Rice & Smith, Chtd., Kansas City, Kan., for debtor.

Henry W. Green, Leavenworth, Kan., trustee.

Charles S. Kennedy, III, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter comes on before the Court pursuant to the February 2, 1991 hearing on Debtor's Motion for Order Directing IRS to Apply Chapter 7 Trustee's Payments to Trust Fund Liability.

## FINDINGS OF FACT

Based upon the pleadings and the record, this Court finds as follows:

1. That debtor filed the above-captioned Chapter 7 case on December 12, 1986. R.J. Breidenthal and Wyatt Breidenthal were officers of the debtor.

2. That the IRS filed a proof of claim on March 16, 1987, in the amount of $63,-936.39 for unpaid withholding taxes. This amount includes $45,795.85 classified as trust-fund liability under Section 6672 of the Internal Revenue Code, which has been assessed against R.J. Breidenthal and Wyatt Breidenthal personally.

3. That on November 14, 1990, the trustee distributed $33,330.47 to the IRS and specifically designated that the payment should be applied to the trust fund portion of the tax liability.

4. That the IRS applied the payment to the non-trust fund portion of the unpaid withholding taxes.

5. That on January 22, 1991, debtor filed its Motion for Order Directing IRS to Apply Chapter 7 Trustee's Payments to Trust Fund Liability.

6. That a hearing was held on February 2, 1991, and the Court took the matter under advisement upon the filing of a supplemental memorandum by debtor's attorney on March 4, 1991.

## CONCLUSIONS OF LAW

Employers are required to deduct and withhold income and social security taxes from the wages paid to their employees. *Neier v. United States,* 127 B.R. 669, 672 (D.Kan.1991). Section 6672 of the Internal Revenue Code of 1954 imposes a penalty upon those "responsible persons" who willfully fail to pay over the withheld employment taxes, also called "trust fund" taxes. *Id.* Section 6672 provides in relevant part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

■ The debtor seeks an order directing the IRS to apply the trustee's payment to

these "trust fund" taxes first. The law is settled that a taxpayer can direct how *voluntary* payments are to be applied by the IRS, but cannot direct how *involuntary* payments are to be applied. *In re Frost,* 47 B.R. 961, 964 (D.Kan.1985) (citing *National Bank of the Commonwealth v. Mechanics' National Bank,* 94 U.S. 437, 24 L.Ed. 176 (1896); *O'Dell v. United States,* 326 F.2d 451 (10th Cir.1964)).

■ In *In re Frost,* the Court held that payments made by the debtors to the IRS under the Bankruptcy Court's jurisdiction were not voluntary. *Id.* at 965. It is the involvement of the court and not the type of bankruptcy which makes payments by a debtor involuntary. *Id.* at 964–65. Therefore, a payment by a Chapter 7 trustee to the IRS is an involuntary payment which prevents the debtor or the trustee from directing the allocation of the payment. *In re Poleshuk,* 115 B.R. 716, 719 (Bankr. M.D.Fla.1990).

■ The debtor argues that despite this general rule, the court has equitable power to designate application of the payment to the IRS. The debtor further argues that equitable relief is justified in this case because the principals of the debtor went beyond their duty to cooperate with the trustee and were responsible for collecting all the assets in the case without seeking compensation from the trustee. The debtor also argues that the Supreme Court's decision in *United States v. Energy Resources, Co.,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990), recognized the authority of the bankruptcy courts to order such application even where the payments are properly classified as "involuntary."

However, there are important distinctions between *Energy Resources* and the present case. In *Energy Resources,* the Supreme Court held that a bankruptcy court has the authority to order the IRS to treat tax payments made by Chapter 11 debtor corporations as trust fund payments "where the bankruptcy court determines that this designation is necessary for the success of a reorganization plan." *Id.* 110 S.Ct. at 2140. In this case, the debtor is liquidating its assets under Chapter 7.

A similar issue was addressed in *In re York Aviation, Inc.,* 115 B.R. 8 (Bankr. D.Me.1989). *In re York Aviation* was decided after the First Circuit's decision in *In re Energy Resources, Co.,* 871 F.2d 223 (1st Cir.1989), which was subsequently affirmed by the Supreme Court's decision in *Energy Resources, supra.*

*In re York Aviation* dealt with a Chapter 7 debtor's attempt to order the IRS to apply the tax payment made by the debtor to trust fund taxes first. *In re York Aviation, Inc.,* 115 B.R. at 9. The Court noted that the "aim of the Internal Revenue Code is to 'maximize the public fisc.,'" while the competing aim which is emphasized in the *Energy Resources* decision is "the Bankruptcy Code's preference for rehabilitation over liquidation." *Id.* at 10. The Court noted that "the bankruptcy court may order the IRS to apply an 'involuntary' payment to trust fund taxes, if it will increase the likelihood of a successful rehabilitation, i.e. diminish the likelihood of liquidation." *Id.*

The Court held that in that case, since the debtor was already involved in a Chapter 7 liquidation, the Court did not need to take into account the fact that if the sole shareholder is pressured to pay taxes out of his own pocket, the incentive to continue successful reorganization is reduced. *Id.* The Court held that in a Chapter 7 proceeding, the aim of the Bankruptcy Code to prefer rehabilitation cannot override the aim of the Internal Revenue Code to maximize the public fisc. *Id.; See also, In re Arie Enterprises, Inc.,* 116 B.R. 641, 643 (Bankr.S.D.Ill.1990) (Ruling in *Energy Resources* was narrow and has no application to a case in which a Chapter 11 plan was never confirmed and the debtor was subsequently converted to Chapter 7).

Furthermore, in *Energy Resources,* the Government had the potential to recover all the delinquent employment taxes if the debtors had completed their reorganization plans. In this case, if the Government does not satisfy its non-trust fund liabilities with the bankruptcy distribution, the Government will have no recourse on its non-trust fund claims. The court in *In re Poleshuk,*

115 B.R. 716, 718 (Bankr.M.D.Fla.1990), noted that the *Energy Resources* analysis begins with the premise that, in order to confirm a proposed Chapter 11 plan, the court must find that the reorganization will succeed and that the priority claims of the IRS will be paid in full within six years from the date of assessment. The Court held that such analysis is inapplicable where there is no proposed Chapter 11 plan and there is no evidence that the tax obligation will be paid in full. *Id.*

The Court finds that the present case is distinguishable from the facts of *United States v. Energy Resources, Co., supra,* and as such the IRS is free to allocate the involuntary payments in accordance with its policy.

IT IS THEREFORE, BY THE COURT, ORDERED That debtor's Motion for Order Directing IRS to Apply Chapter 7 Trustee's Payments to Trust Fund Liability be and the same is hereby DENIED.

This Memorandum shall constitute my findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.