**In re SUBURBAN MOTOR FREIGHT, INC., Debtor.**

No. C2–93–758.
Bankruptcy No. 87–00822.

United States District Court,
S.D. Ohio, E.D.

Dec. 14, 1993.

Edmund A. Sargus, U.S. Atty., and Brenda L. Dodrill, Asst. U.S. Atty., Columbus, OH, and Stephen A. Sherman, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant.

Terrence A. Grady, Hahn, Loeser & Parks, Columbus, OH, for appellee.

Quintin F. Lindsmith, Bricker & Eckler, Columbus, OH, for Trustee.

## OPINION AND ORDER

GRAHAM, District Judge.

This bankruptcy appeal was filed on August 2, 1993. The appellant-creditor, United States of America, filed its brief in support of the appeal on September 17, 1993. Pursuant to Rule 8009(a)(2) of the Federal Bankruptcy Rules, the appellee was to file a brief in opposition to the appeal within fifteen (15) days after the filing of appellant's brief. The appellee failed to do so and, on November 15, 1993, this Court ordered the appellee to file a memorandum in opposition to the appeal or show cause for his failure to do so within ten (10) days of the date of that order. As of this date, the appellee has not responded to the Court's order of November 15, 1993. On November 19, 1993, the trustee, Stephen K. Yoder, notified the Court that he would not take a position in regard to the issues raised on this appeal and would not be filing a brief in regard to the appeal. Accordingly, the matter is now ready to be decided.

## I.

According to the undisputed factual findings of the bankruptcy court, appellee, Gerald R. McIntyre, was the president of Suburban Motor Freight, Inc. ("Suburban") from March, 1986 through January, 1987. During Mr. McIntyre's tenure, Suburban failed to pay federal withholding taxes and the employees' share of contributions required by the Federal Insurance Contribution Act, commonly referred to collectively as "trust fund" taxes.

On February 27, 1987, Suburban filed a bankruptcy petition under Chapter 7 of Title XI of the United States Code. On November 22, 1991, this Court entered an Order providing the Internal Revenue Service ("IRS") with an allowed priority claim pursuant to 11 U.S.C. § 507(a)(7) in the amount of $533,651.84, interest in the amount of $48,735.90 and a nonsecured claim for unpaid penalties in the amount of $67,865.81.

As a consequence of the debtor failing to pay its payroll taxes, the IRS assessed Suburban's president, Gerald McIntyre, as a "responsible person" under 26 U.S.C. § 6672 for the trust fund portions of the debtor's payroll tax liability for the quarters ending December 31, 1986 and March 31, 1987.[1] On July 15, 1991, the IRS made an assessment against Mr. McIntyre in the amount of $325,351. As of August 1, 1993, the unpaid assessment including interest was approximately $384,347.[2]

On March 16, 1993, Mr. McIntyre filed his motion requesting the bankruptcy court to direct the trustee to distribute part of the estate's funds to pay some or all of the IRS's claim. On May 12, 1993, the bankruptcy court conducted a hearing on the motion. The trustee opposed Mr. McIntyre's request on the basis that it was not in the best interest of the estate, but suggested that if there was to be a distribution to the United States, it be applied to the trust fund portion to reduce Mr. McIntyre's liability. The

---

1. McIntyre was liable for a penalty equal to the total amount of the trust fund taxes not paid over. Section 6672 states in pertinent part:

   (a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

   26 U.S.C.A. § 6672.

2. At a May 12, 1993 hearing on the matter, counsel for Mr. McIntyre represented that the assessment totalled $366,000. However, this discrepancy in the amount of the assessment is not material to the issue presently before the Court.

United States took the position that the bankruptcy court lacked the authority to direct the United States to apply the payments made by a Chapter 7 debtor corporation to the trust fund portion of the payroll tax liabilities. On June 3, 1993, the bankruptcy court ordered the trustee to make a partial distribution to all undisputed tax claims and to pay all priority wage claims. The bankruptcy court ordered a payment to the United States in the amount of $366,189.62 which was to be applied by the government to pay the trust fund portion of the tax liability.

## II.

The issue presented on appeal is whether in a Chapter 7 proceeding the bankruptcy court errs as a matter of law in directing the United States to credit a corporate debtor's partial tax payment made against the trust fund liability of the individual debtor, who was a "responsible person" as defined by Internal Revenue Code.

■ The standard of review which this Court must apply is plainly established. A bankruptcy court's findings of fact must be upheld unless clearly erroneous. Bankr.R. 8012; *In re Southern Indus. Banking Corp.,* 809 F.2d 329, 331 (6th Cir.1987). A bankruptcy court's conclusions of law, however, are reviewed *de novo. Stephens Indus. Corp., Inc. v. McClung,* 789 F.2d 386, 389 (6th Cir.1986). In the instant case, the bankruptcy court's factual findings are undisputed. Hence, this appeal involves a strictly legal issue which must be reviewed *de novo.*

## III.

■ In order to answer this question fairly, a brief review of the federal statutes and IRS policies governing trust fund taxes is in order. Trust fund taxes are those personal income and social security taxes which employers are required to withhold from employees' paychecks. 26 U.S.C. §§ 3102(a), 3402(a). After being withheld, these taxes are to be held "in trust" for the United States. 26 U.S.C. § 7501(a). Because these funds may present "a tempting source of ready cash to a failing corporation beleaguered by creditors," *Slodov v. United States,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978), Congress enacted stringent measures imposing personal liability on those individuals whose control over the financial affairs of a business entity requires them to collect and pay over taxes withheld from employees. *Id.* at 244–45, 98 S.Ct. at 1783–84; *United States v. Pepperman,* 976 F.2d 123, 126 (3d Cir.1992). If an employer fails to pay such taxes, the IRS has the right to collect an equal amount from the corporate officer responsible for the nonpayment. 26 U.S.C. § 6672. *See, e.g., United States v. Energy Resources Co.,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990); *United States v. A & B Heating & Air Conditioning, Inc. (In re A & B Heating & Air Conditioning, Inc.),* 823 F.2d 462 (11th Cir.1987), *vacated on other grounds,* 486 U.S. 1002, 108 S.Ct. 1724, 100 L.Ed.2d 189 (1988). To ensure that payment to the United States will, in fact, be made, liability under § 6672 is not dischargeable in bankruptcy. *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(7)(C). The responsible person's liability under § 6672 is not penal in nature but rather a means of insuring that withholding taxes are paid. *United States v. Sotelo,* 436 U.S. 268, 275, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978); *In re Ribs–R–Us,* 828 F.2d 199, 200–01 (3d Cir. 1987). The IRS is not required to attempt to collect the withholding taxes from the employer before seeking to collect from the responsible person. *Ribs–R–Us,* 828 F.2d at 201; *United States v. Pomponio,* 635 F.2d 293, 298 (4th Cir.1980). However, the IRS has a long-standing policy that the government will retain only one satisfaction of the unpaid trust fund taxes, regardless of whether collected in part from the responsible person and the corporate employer or entirely from one source. *See* Policy Statement P– 5–60 (approved May 30, 1984), *reprinted in* Policies of the Internal Revenue Service Handbook, 1 CCH Administration, Internal Revenue Manual at 1305–14; *see also Sotelo,* 436 U.S. at 279–80 n. 12, 98 S.Ct. at 1802 n. 12; *Pepperman,* 976 F.2d at 127. Hence, each responsible person is relieved of separate liability to the extent that the corporation pays its trust fund taxes. *Pepperman,* 976 F.2d at 127.

Under a separate policy, the IRS permits taxpayers who "voluntarily" submit payments to the IRS to designate the tax liability to which the voluntary payments will apply. *Energy Resources,* 495 U.S. at 548, 110 S.Ct. at 2141; *Pepperman,* 976 F.2d at 127. However, where the taxpayer "involuntarily" makes the payment, the IRS has refused to grant the taxpayer the freedom to designate where the payment should be allocated and, instead, decides itself how the payment will be applied. *Pepperman,* 976 F.2d at 123; *Internal Revenue Service v. Energy Resources Co., Inc. (In re Energy Resources Co.),* 871 F.2d 223, 227 (1st Cir.1989), *aff'd,* 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990). An involuntary payment is traditionally defined as "any payment received by agents of the United States as a result of distraint or levy or from a legal proceeding in which the Government is seeking to collect its delinquent taxes or file a claim therefore." *Pepperman,* 976 F.2d at 127 (quoting *Amos v. Commissioner,* 47 T.C. 65, 69, 1966 WL 1102 (1966)). Those courts which have considered the issue have concluded that payments made in the bankruptcy context are involuntary. *Pepperman,* 976 F.2d at 127. *See also In re Optics of Kansas, Inc.,* 132 B.R. 446, 448 (Bankr.D.Kan.1991) (Chapter 7 liquidation); *In re F.A. Dellastatious, Inc.,* 121 B.R. 487, 492 (Bankr.E.D.Va.1990) (same); *In re DuCharmes & Co.,* 852 F.2d 194, 196 (6th Cir.1988) (per curiam) (Chapter 11 reorganization). Moreover, the parties do not dispute and the record clearly reflects that the payments made in this case were involuntary in nature.

■ Turning to a direct consideration of whether these involuntary payments can be designated by the bankruptcy court for specific application to the trust fund liabilities owed by the debtor to the government in a Chapter 7 liquidation, the Court concludes that the bankruptcy court cannot direct such an allocation. The bankruptcy court does, of course, possess such powers in a Chapter 11 proceeding. In *Energy Resources,* the Supreme Court resolved a conflict between the First Circuit, which held that although payments made pursuant to a Chapter 11 reorganization plan were involuntary, the bankruptcy court had the authority to direct the IRS to allocate a corporate debtor's tax payments to its trust fund liability prior to its non-trust fund liability, *see Energy Resources Co.,* 871 F.2d at 230, and the Third Circuit, which held that because tax payments in a Chapter 11 reorganization were involuntary, the IRS and not the bankruptcy court was entitled to allocate tax payments in any manner it saw fit. *See Ribs–R–Us,* 828 F.2d at 204. The Supreme Court affirmed the judgment of the First Circuit, ruling that "whether or not the payments at issue are rightfully considered to be involuntary, a bankruptcy court has the authority to order the IRS to apply the payments to trust fund liabilities *if the bankruptcy court determines that this designation is necessary to the success of a reorganization plan." Energy Resources,* 495 U.S. at 548–49, 110 S.Ct. at 2141–42 (emphasis added). *See also Pepperman,* 976 F.2d at 129. Thus, in *Energy Resources,* the Supreme Court found that the bankruptcy court possessed the authority to order the IRS to credit a corporate debtor's tax payments against an individual debtor's § 6672 liability. *Energy Resources,* 495 U.S. at 549–50, 110 S.Ct. at 2142.

However, the Court reached this decision based largely upon what it considered to be the principle goal of a reorganization under Chapter 11: debtor rehabilitation. The Court reasoned that where a bankruptcy court determined that an allocation of a tax payment was necessary to successful reorganization, the balance between IRS revenue protection and debtor rehabilitation must be struck in favor of rehabilitation. *Id.* at 551, 110 S.Ct. at 2143; *Pepperman,* 976 F.2d at 130. The Court also noted that where a debtor is being reorganized, the tax debt must still be paid off within six years, *see* 11 U.S.C. § 1129(a)(9)(C), and "therefore ... the IRS, in all likelihood, will collect the tax debt owed." *Energy Resources,* 495 U.S. at 549, 110 S.Ct. at 2142. Thus, while preventing a debtor from paying trust fund liabilities before non-trust fund liabilities provides a creditor with an added assurance that all of the debt owed will be paid, the Court determined that this "added protection" did not have to be provided in a Chapter 11 proceeding. *Id.* at 550, 110 S.Ct. at 2142.

The vast majority of federal courts have declined to extend the Supreme Court's rul-

ing in *Energy Resources* beyond the Chapter 11 reorganization context. *See Pepperman,* 976 F.2d at 129; *In re Kare Kemical, Inc.,* 935 F.2d 243, 244 (11th Cir.1991) (Chapter 11 liquidation); *In re Jehan–Das, Inc.,* 925 F.2d 237, 238 (8th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991) (same); *In re Equip. Fabricators,* 127 B.R. 854, 858 (D.Ariz.1991) (same); *In re Visiting Nurse Ass'n,* 128 B.R. 835, 837 (Bankr. M.D.Fla.1991) (same); *In re Frank Meador Buick,* 1991 W.L. 209824, at *3, 1991 U.S.App. LEXIS 24802, at *8 (4th Cir. Oct. 21, 1991) (Chapter 7 liquidation); *In re Gregory Engine & Mach. Servs., Inc.,* 135 B.R. 807, 810 (Bankr.E.D.Tex.1992) (same); *Optics of Kansas,* 132 B.R. at 449.

Where a Chapter 7 liquidation is involved, debtor rehabilitation and other concerns attendant to a successful reorganization plainly do not inure. *Id.* Moreover, while trust fund taxes technically are not dischargeable in bankruptcy, *see* 11 U.S.C. § 523(a)(1)(A), a corporate dissolution has the practical effect of discharging the corporate debtor from unpaid tax liabilities. *Sotelo,* 436 U.S. at 278, 98 S.Ct. at 1801; *Pepperman,* 976 F.2d at 130. Thus, unlike the situation presented in *Energy Resources,* permitting the IRS in a Chapter 7 proceeding to allocate debtor payments to non-trust fund liability does not provide the government an *added* assurance that its tax claim will be satisfied. Rather, IRS discretion may be one of the few protections which the government possesses, since "[t]here is far less assurance in a Chapter 7 proceeding that the corporate debtor will satisfy its tax debt in full." *Pepperman,* 976 F.2d at 130.

Turning to the instant case, there has been no showing that designating debtor's tax payments is necessary to some "appropriate bankruptcy purpose." *Energy Resources,* 495 U.S. at 546, 110 S.Ct. at 2140. While Mr. McIntyre would be benefitted by a reduction in the IRS's tax claim against him, these benefits would be provided at the expense of the IRS, a preferred creditor. Such a decision would effectively weaken the general rule that the government is entitled to priority over general creditors for the payment of § 6672 liability. *See* 11 U.S.C. § 507(a)(7)(C). The designation of payment would secure for Mr. McIntyre rights and

privileges which he does not otherwise possess. "[S]ection 105 does not 'give the court the power to create substantive rights that would otherwise be unavailable under the Code.'" *Pepperman,* 976 F.2d at 131 (quoting *In re Morristown & Erie R.R. Co.,* 885 F.2d 98, 100 (3d Cir.1989) ). *See also United States v. Sutton,* 786 F.2d 1305, 1308 (5th Cir.1986); *Southern Ry. Co. v. Johnson Bronze Co.,* 758 F.2d 137, 141 (3d Cir.1985). Absent the showing of a need for a reorganization or a similar purpose, a bankruptcy court does not possess the authority under § 105 to direct the allocation of tax payments in contravention of the policy behind § 6672 and long-standing IRS procedure. *Pepperman,* 976 F.2d at 131. No such showing having been made, the bankruptcy court was not entitled to direct the allocation of the debtor's tax payment.

## *IV.*

Based on the foregoing, this Court will reverse the order of the bankruptcy court and remand this case to the bankruptcy court for further proceedings consistent with this opinion.

It is so ORDERED.